G. T. BRYAN, *County Treasurer*, v. THE BOARD OF EDU-- CATION OF THE CITY OF PERRY.

(Filed July 30, 1898.)

1. CONSTITUTIONAL LAW—*Insurance of School Property.* Chapter 17, Sess. Laws 1897, providing that a portion of the territorial school fund shall be appropriated for the insurance of public school property in the Territory, is not legislation for private purposes, in any such manner as to make it unconstitutional.

2. TERRITORIAL SCHOOL FUND—*Insurance of School Property Paid From.* The insurance of school property out of the territorial school fund is a proper exercise by the legislature of the power to appropriate money for school purposes.

3. SAME—*Act Not Invalid.* The fact that the whole territorial apportionment for school purposes for any one school district of a

county may, for the years 1897 and 1898, be exhausted by the assess-ment under the chapter above mentioned, does not make the act invalid.

4. CITIES OF THE FIRST CLASS—*Not Exempt from Provisions of the Act.* The fact that the defendant in error is a city of the first class does not exempt it from the provisions of the act, nor does the fact that the method of insurance provided by the legislature may be extravagant, and provide a much larger and heavier rate of insurance than that provided by established insurance companies, make the act invalid.

5. The act is not rendered invalid by the fact that it apparent.y presses relatively harder on some districts than others.
   (Syllabus by the Court.)

*Error from the District Court of Noble County; before B. T. Hainer, District Judge.*

*H. S. Cunningham, Attorney General,* and *W. M. Bowles, County Attorney,* for plaintiff in error.

*J. W. Quick,* for defendant in error.

### STATEMENT OF FACTS.

Action by the board of education of the city of Perry, Territory of Oklahoma, against G. T. Bryan, county treas-urer of Noble county. Decree for plaintiff. Defendant brings error. Reversed.

Injunction to restrain the county treasurer from retain-ing an amount for insurance fund, made under ch. 17, Session Laws, 1897. This case was finally heard upon the amended petition of the defendant in error. the board of education of the city of Perry, the plaintiff below, which averred that Bryan was the county treasurer of Noble county, and that the school district, under the control and supervision of the board of education of the city of Perry, was known and designated as "School District No. 52," of the county of Noble, and was com-posed of the City of Perry; that the county superintendent

—11

of Noble county had, in the month of ———, 1897, caused
the school houses, furniture, and fixtures belonging to
the public schools in the city of Perry, and under the
control of plaintiff, to be appraised as provided in section
1, ch. 17, Session Laws, 1897; that on the 16th day of
February, 1898, the county superintendent of Noble
county apportioned the territorial school fund among the
several school districts in the county of Noble, and on
said date ordered the defendant, as treasurer of Noble
county, to retain out of the territorial school fund of
1897 the sum of $489.32, and to return the same to the
territorial treasurer, to be kept and used by the
territorial treasurer as an insurance fund, to pay for
losses of school property by fire or tornado, during the
years 1897 and 1898, and that the said sum of $489.32
was equal to $2\frac{1}{2}$ per cent. of the appraised value of the
school houses, etc., of school district No. 52, under the
care of plaintiff; and that it was the purpose of the
county superintendent and the territorial superintendent
to order the defendant to retain and return out of the
apportionment fund of 1897, and the second apportion-
ment of the territorial school fund for the year 1897,
should another be made, an additional amount, equal
to $2\frac{1}{2}$ per cent. of the total appraised value of said school
property, thereupon making the total amount retained
and returned from the territorial apportionment fund for
1897, due to the plaintiff, a sum equal to 5 per cent. of
the total appraised value of the school property, and a
sum in excess of the entire apportionment fund coming
to the plaintiff for the year 1897; and that, if this were
done, it would deprive the plaintiff of the total amount
of the territorial apportionment fund for the years 1897
and 1898, and, so far as the purposes of insurance were
concerned, would create a rate of insurance several times

greater than if the property were insured by the plaintiff in one of the old and well-established and reliable insurance companies; and that since the territorial apportionment fund was derived from leasing, letting, and sale of lands set aside by act of congress for school purposes, and known as sections 16 and 36, in the Territory of Oklahoma, the proceeds derived therefrom could be used only as a school fund for public purposes, and ch. 17 of the Session Laws of 1897 does not apply to school districts under the control and managment of boards of education in cities of the first class, and is illegal and void, inasmuch as it provides for an unjust and wrongful appropriation of the fund to the public schools, and that the defendant will retain such sums, and return them to the territorial terasurer, and permanently deprive the plaintiff and patrons of the schools, under its care and control, of the use and benefit of the same, unless restrained from so doing; that there was no adequate remedy at law; and the plaintiff prayed for a permanent injunction, restraining the retention and returning to the territorial treasurer of the sums specified, the proceeds of the assessment of 5 per cent. upon the land, and the appraisements made under ch. 17 of the Laws of 1897. Upon a general demurrer to the amended petition, the district court overruled the demurrer, and held that the petition stated a good cause of action, and that the injunction should be granted.

Opinion of the court by

McAtee, J.: The questions involved, with one or two exceptions, have been passed upon by the court at this term in the case of *School District v. Hopkins*, 54 Pac. 437, this volume, p——; and the same views will determine the conclusion of the court in this cause.

Chapter 17 of the Session Laws of 1897 is not legislation for private purposes, in such a manner as to make that legislation unconstitutional. It does not seek to appropriate the proceeds of the territorial school fund to private purposes. The territorial school fund is derived from the sales and leases of sections 16 and 36 of the public lands of Oklahoma, and it is expressly provided by congress, after making the appropriation, that the proceeds of such sales and leasing shall be under rules provided by the secretary of the interior and by the territorial legislature. The whole matter is left to the territorial legislature to determine whether the insurance of the public school buildings, fixtures, and furniture was a proper application of the territorial apportionment of the school fund for school purposes. The legislature has hitherto expressly indicated in the Statutes of 1893, (section 5754,) that the insurance of school property was, in the view of that legislature, a proper object to be considered in the appropriation of money for school purposes, and we must so hold.

The complaint in this case, however, does show that, in the application of the law, the total territorial apportionment for school purposes may, for the years 1897 and 1898, be exhausted by this assessment, and that the plaintiff in error would be entirely deprived of the benefit of it, except of such benefit as it would derive from the protection of its school property under the enforcement of the statute providing insurance for its school property. We cannot hold that this result would be adequate to disturb and destroy the effect of the legis lation complained of, but must hold that the legislation was effective to the extent of the territorial apportionment fund, set aside to the school district here complaining.

It was also contended in this cause that the complainant below was under the control and management of the board of education of a city of the first class, and that it had control of its own school funds, and of the territorial apportionment fund, as a part thereof, and that the act provided for was an unjust and wrongful appropriation of its funds; and that the law was also unjust, because it was an extravagant method of insurance, inasmuch as it provided a much larger and heavier rate of insurance than that provided for by established insurance companies. The cities of the first class are comprehended in the legislation under consideration. It is made the duty of the superintendent for each county, under the first section of the act in question, "to cause each school house, and the furniture and fixtures therein, located in his county, to be appraised at the actual cash value thereof;" and the first, second, and third sections of the act, as well as all the other sections thereof, in providing for the appraisement, assessment, and insurance of school houses, furniture, and fixtures belonging to any school district, speak in comprehensive terms of "any" and every school house in the county.

While the application of this law may work an injustice in some cases, and may apparently press relatively harder upon some districts than upon others, we yet cannot see any ground upon which the provisions of the act can be declared void by this court, or any reason why we should be authorized, by granting the relief prayed for here, to set aside the legislation. It is for the legislature to act within its proper province, and for this court, when the legislation is called in question, to determine only whether it is constitutional, and whether, therefore, the legislature has kept within its legitimate

province.   If the act is found to be inequitable, discriminating, and extravagant, in the manner of  insurance which it provides, it is for the legislative department to adjust, and not for this court.

The judgment of the district court is reversed, and direction given to the district court to sustain the demurrer.

Hainer, J., having presided in the court below, not sitting; all the other Justices concurring.